DLD-139                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4644
_____

CAINE PELZER,
                            Appellant

v.

LT. KEVIN SHEA;
ROBERT REED, Hearing Examiner

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civ. No. 11-cv-00185)
District Judge: Honorable Kim R. Gibson

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 15, 2012

Before:    AMBRO, JORDAN and VANASKIE, Circuit Judges

(Opinion filed:  March 23, 2012)
_____

OPINION
_____

PER CURIAM

Appellant Caine Pelzer, an inmate at the State Correctional Institution in

Houtzdale, Pennsylvania ("SCI-Houtzdale"), filed a civil rights action, 42 U.S.C. § 1983,

in the United States District Court for the Western District of Pennsylvania against

Lieutenant Kevin Shea and Hearing Examiner Robert Reed.  Pelzer alleged that, just after

he filed a lawsuit in the Clearfield County Court of Common Pleas against prison officials, and gave a copy of the complaint to a property officer and a member of the SCI-Houtzdale security team, Lieutenant Shea retaliated against him by falsifying a misconduct report, #B065791, in violation of the First Amendment. Shea wrote in the report that he (Pelzer) had encouraged or engaged in unauthorized group activity. Hearing Examiner Reed conducted a disciplinary hearing on the charge on July 1, 2011. Pelzer alleged that Reed denied his request to present witnesses in his defense, and denied his request to see the correspondence which was used as evidence against him, all in violation of procedural due process. The complaint also contained a claim for a civil rights conspiracy. Pelzer was adjudicated guilty of the misconduct, and he received a sanction of 60 days of disciplinary confinement, and "loss of work, radio, pay, phone time, commissary, and weekly visits." Pelzer sought money damages.

The defendants moved to dismiss the complaint pursuant to Fed. R. Civ. Pro. 12(b)(6), contending, among other things, that Pelzer's First Amendment retaliation claim failed to state a claim for relief because he could not show that Lieutenant Shea would not have taken the same disciplinary action absent the constitutionally protected activity. The defendants also argued that Pelzer's Fourteenth Amendment due process claim failed to state a claim for relief because the sanctions imposed did not implicate the Due Process Clause under United States Supreme Court and circuit precedent. The defendants conceded that Pelzer had exhausted his administrative remedies prior to filing suit, as required by 42 U.S.C. § 1997e(a). The Magistrate Judge filed a Report and Recommendation, in which he recommended that the complaint be dismissed. In an

order entered on December 20, 2011, the District Court dismissed the complaint after specifically considering Pelzer's brief in opposition to the defendants' motion to dismiss.

Pelzer appeals. We have jurisdiction under 28 U.S.C. § 1291. Our Clerk granted Pelzer leave to appeal in forma pauperis and advised him that the appeal was subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B) or summary affirmance under Third Cir. LAR 27.4 and I.O.P. 10.6. An appellant may prosecute his appeal without prepayment of the fees, 28 U.S.C. § 1915(a)(1), but the in forma pauperis statute provides that the Court shall dismiss the appeal at any time if the Court determines that it is frivolous, 28 U.S.C. § 1915(e)(2)(B)(i).

We will dismiss the appeal as frivolous. An appeal is frivolous when it lacks an arguable basis either in law or fact, that is, when it relies on an "indisputably meritless legal theory" or a "clearly baseless" set of facts. Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989). A motion to dismiss should be granted if the plaintiff is unable to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Here, the defendants' motion to dismiss under Rule 12(b)(6) was properly granted on the basis that Pelzer failed to state any claim for relief.

A prisoner alleging retaliation in violation of the First Amendment must show (1) that he engaged in constitutionally protected conduct; (2) that an adverse action was taken against him by prison officials sufficient to deter him from exercising his constitutional rights; and (3) that there is a causal link between the exercise of his constitutional rights and the adverse action taken against him. Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001). With respect to the required causal link, if the prisoner makes a prima facie showing that his constitutionally protected conduct was a motivating factor in

3

the decision to discipline him, the burden then shifts to the defendant to show that it would have taken the same disciplinary action even in the absence of the protected activity.  See id. at 334.

The administrative record of Pelzer's appeal of his misconduct shows that his defense was to deny the charges, and to argue that he was unaware of the correspondence encouraging unauthorized group activity, that he did not actually receive the correspondence, and that he did not know the person who sent it.  Therefore, it could not properly be attributed to him.  The Hearing Examiner rejected Pelzer's denial of unauthorized group activity, and relied upon the fact that the intercepted correspondence was addressed to Peltzer, and identified him as coordinating and authorizing gang activity, including assaults on other inmates.  On appeal, the Hearing Examiner's decision was upheld on the basis that the evidence was sufficient to link Pelzer to the correspondence and to an attempt to engage in unauthorized group activity.  We conclude that the defendants met their burden to show that they would have taken the same disciplinary action against Pelzer even in the absence of his having filed a lawsuit against them in state court, see Rauser, 241 F.3d at 334.  Nothing whatever suggests that the charges against Pelzer demonstrated a retaliatory motive, were fabricated for some other unlawful purpose, or were unsupported by the evidence.  Moreover, the misconduct plainly served a penological purpose.  Thus, Pelzer has failed to show the required causal link between his state court lawsuit and the issuance of the misconduct.

With respect to Pelzer's procedural due process claim, the safeguards of the Due Process Clause are triggered only when a protected interest is at stake.  See Meachum v. Fano, 427 U.S. 215, 223-24 (1976).  Under Sandin v. Conner, 515 U.S. 472 (1995),

4

protected liberty interests are generally limited to "freedom from restraint" that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," id. at 484. The determination of what is "atypical and significant" is based on the range of conditions an inmate would reasonably expect to encounter, see Asquith v. Dep't of Corrections, 186 F.3d 407, 412 (3d Cir. 1999). The sanctions imposed on Pelzer as a result of the misconduct are within the range of conditions he would reasonably expect to encounter. See Griffin v. Vaughn, 112 F.3d 703, 708 (3d Cir. 1997) (exposure to conditions of administrative custody for period as long as 15 months falls within expected parameters of sentence imposed). Thus, the defendants did not violate a protected interest in Pelzer's case, and due process safeguards were not triggered. In addition, Pelzer's claim of a conspiracy does not pass the plausibility test. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (plausibility standard applicable to Rule 12(b)(6) "asks for more than a sheer possibility that a defendant has acted unlawfully").[1]

For the foregoing reasons, we will dismiss the appeal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

---

[1] We note that Pelzer's Objections to the Report and Recommendation were received after the District Court dismissed his complaint and thus were not considered. Accordingly, we have remedied his objection that the Magistrate Judge overlooked his due process and conspiracy claims by addressing those claims.